UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MARION CEDRIC STARKS,

    Petitioner,

vs.

MICHAEL HENNESSEY,

    Respondent.

No. C 11-3649 PJH (PR)

**ORDER TO FILE ELECTION AND SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY**

This is a habeas case brought pro se by a state prisoner. The petition is directed to a 1994 conviction in Alameda County for armed robbery and a 1998 conviction in San Francisco County for armed robbery and automobile burglary. He has paid the filing fee.

First, Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[a] petitioner who seeks relief from judgment of more than one state court must file a separate petition covering the judgment or judgments of each court." Petitioner thus must elect which of the two convictions he wants to challenge in this case. He may, if he wishes, file a separate petition to challenge whichever conviction he elects to dismiss from this case. He should bear in mind, however, that the discussion below of the statute of limitations appears to apply equally to both convictions.

Secondly, it appears that the statute of limitations has expired for both convictions.

The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion

of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). The statute of limitations also can be equitably tolled, if the petitioner can show (1) that he pursued his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).

District courts may consider, sua sponte, the timeliness of a state prisoner's habeas petition. *Day v. McDonough*, 547 U.S. 198, 210 (2006). Before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions. *Id.* at 210. Once a petitioner is notified that his petition is subject to dismissal based on AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, the petitioner bears the burden of demonstrating that the limitation period was sufficiently tolled under statutory or equitable principles. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

Petitioner states that he did not appeal, and in answer to a question about other state collateral relief proceedings, lists only a state habeas petition in the Supreme Court of California that was denied in 2009. A search of the California appellate courts' website shows two state habeas petitions in the California Supreme Court, both denied in 2009. Because 2009 was long after the one-year statute of limitations would have expired absent tolling, it is doubtful that plaintiff is entitled to statutory tolling. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed . . . ."). He will be ordered to show cause why the case should not be dismissed.

**CONCLUSION**

Within thirty days of the date of this order, petitioner must file a document in which he does two things:

(1) says which of the two convictions he wishes to challenge in this case; and

(2) shows cause why the case should not be dismissed as barred by the statute of limitations.

If petitioner fails to do either of these things, the case will be dismissed

**IT IS SO ORDERED.**

Dated:  August 22, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.11\STARKS3649.OSC-P.wpd

United States District Court
For the Northern District of California