UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MARION CEDRIC STARKS,

    Petitioner,

  vs.

MICHAEL HENNESSEY,

    Respondent.
_____/

No. C 11-3649 PJH (PR)

**ORDER OF DISMISSAL; DENIAL OF CERTIFICATE OF APPEALABILITY**

    This is a habeas case brought pro se by a state prisoner. In the petition he said he was challenging a 1994 conviction in Alameda County for armed robbery and a 1998 conviction in San Francisco County for armed robbery and automobile burglary. In its initial review order the court ordered petitioner to (1) elect which of the two convictions he wished to challenge in this case; and (2) show cause why the petition should not be dismissed as untimely.

    Petitioner has filed a document captioned "Two Convictions I Wish to Challenge in this Case," in which he says that he wants to challenge both the 1994 and 1998 convictions. This is, of course, unsatisfactory; as the court explained in the initial review order, he can challenge only one conviction per petition. But in any event, the petition is untimely as to both convictions.

    In response to the order to show cause, petitioner contends that he was the victim of a violent crime in Alameda in which he was stabbed seven times and beaten with a pipe. He then "was rehabilitating" and living in San Francisco when his probation was revoked for

failure to report, causing him to be incarcerated in psychiatric housing "from 1996 to 1997." He says he was released in 1997.  There is no explanation why he then waited until 2009 to file his first state petitions, and 2011 to file here, and these explanations all go to events prior to the 1998 conviction, so could not be the basis for equitable tolling as that conviction.

Petitioner having failed to demonstrate that the limitation period was sufficiently tolled under statutory or equitable principles, *see Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), the petition is **DISMISSED** as barred by the statute of limitations.

Because reasonable jurists would not find the court's ruling on the limitations question debatable or wrong, a certificate of appealability is **DENIED**.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *see also* 28 U.S.C. § 2253(c) (COA requirement); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (standard).  If petitioner desires to appeal he should file a notice of appeal in this court and ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure.  *See* Rule 11(a), Rules Governing § 2254 Cases.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  September 23, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.11\STARKS3649.DSM.wpd

2