UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARION CEDRIC STARKS,
    Petitioner,

v.

MICHAEL HENNESSEY,
    Respondent.

Case No. 11-cv-03649-PJH

**ORDER DENYING MOTION**

Re: Dkt. No. 14

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed in 2011 and challenged a 1994 and 1998 conviction. It was denied as untimely on September 23, 2011. Petitioner has recently submitted several filings seeking to reopen the case because he was innocent. He also argues that he was unable to timely file the petition because he was in the hospital.

To the extent that petitioner seeks to reopen this case pursuant to Fed. R. Civ. P. 60(b), this motion is untimely by many years. To the extent that petitioner seeks to file a second petition he must obtain permission from the Ninth Circuit. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Moreover, petitioner is no longer in custody and he includes a letter stating that he has been under the care of a doctor outside of prison since at least June 2012. The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234,

238 (1968).  This requirement is jurisdictional.  *Id.*  A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied.  *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).  To the extent petitioner seeks to file a new petition, he must demonstrate that he is in custody.

Petitioner's motion (Docket No. 14) is **DENIED**.  Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

**IT IS SO ORDERED.**

Dated: June 26, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2011\2011_03649_Starks_v_Hennessey_(PSP)\11-cv-03649-PJH-ord.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION CEDRIC STARKS,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL HENNESSEY,<br><br>    Defendant. | Case No. 11-cv-03649-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 26, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marion Cedric Starks
150 Otis Street, Apt 609
San Francisco, CA 94103

Dated: June 26, 2017

                              Susan Y. Soong
                              Clerk, United States District Court

                              By: /s/ Kelly Collins
                              Kelly Collins, Deputy Clerk to the
                              Honorable PHYLLIS J. HAMILTON